UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WOLFGANG SEYBOTH, on behalf of
himself and all others in the State of Florida
similarly situated,

           Plaintiff,

vs.                                Case No.: 8:07-CV-2292-T-27TBM

GENERAL MOTORS CORPORATION,

           Defendant.
_____/

### ORDER

**BEFORE THE COURT** are: (1) Defendant's Motion to Strike Class Allegations (Dkt. 19), to which Plaintiff has responded in opposition (Dkt. 20), and (2) Plaintiff's Motion to Extend Time to File Class Certification Motion or in the Alternative Motion to Remand to State Court (Dkt. 21), to which Defendant has responded in opposition (Dkt. 26).

Pursuant to Local Rule 4.04(b), motions for class certification must be filed within ninety (90) days following the filing of the initial complaint "unless the time is extended by the Court for cause shown." Defendant filed a Notice of Removal on December 17, 2007, and the Complaint in this action was docketed on December 17, 2007. Plaintiff's motion for class certification was therefore due on or before Monday, March 17, 2008.

As Defendant notes, Plaintiff failed to file a motion for class certification and failed to file any motion for extension of time in which to do so, until after Defendant filed the instant motion to strike. Defendant also represents that Plaintiff requested a Case Management conference on

1

February 4, 2008, did not file any discovery requests until February 18, 2008, and sought to calendar the first depositions for the week of April 21, 2008. Plaintiff responds:

> Plaintiff's Counsel believed he had until May 19th, 2008 to file the motion for class certification. Because of this belief Plaintiff's Counsel recently took a much harder stance regarding discovery requests. (Exhibit A). Interestingly, defendant's motion came just days after a conversation with Ms. Joy White in which Plaintiff's counsel stated he would need to file a motion to extend time to file the class certification motion due the Defendant's delay tactics. (Dkt. 20 at 2 n. 2).

Plaintiff represents that the delay in filing a motion for class certification was due to "an error in calculating time." (Dkt. 21 at 1). Plaintiff requests an extension until July 18, 2008, four months past the original deadline, to file the motion for class certification. (Dkt. 21 at 3).[1]

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a motion for extension of time is made after a deadline has expired, the court may grant an extension, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is determined by assessing factors including: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiff provides no explanation for the asserted "calculation error," which was fully in

---

[1] Plaintiff also contends that Defendant's counsel has exhibited "bad faith and unclean hands." (Dkt. 20 at 3). Specifically, Plaintiff argues that Defendant filed a frivolous motion for judgment on the pleadings, failed to properly respond to initial discovery requests, and did not cooperate in scheduling depositions. In support of the latter contention, Plaintiff cites a series of emails between February 29, 2008 and March 19, 2008 between counsel for the parties on the topic of scheduling depositions. The Court has reviewed these emails and finds no bad faith or "unclean hands." These allegations are of a serious nature, and Plaintiff's counsel is admonished that future accusations should be carefully considered. With respect to Defendant's failure to respond to initial discovery requests, Plaintiff has not, as counsel acknowledges, filed a motion to compel. Finally, the Court does not find Defendant's motion for judgment on the pleadings to be "frivolous," which is also a serious, and unsubstantiated, allegation.

counsel's control. Plaintiff's motion for extension of time was filed almost one month after the deadline passed, and Plaintiff does not propose to immediately remedy the delay, but instead requests a four month extension of time to file the motion for class certification. The Court finds that counsel's mistake in calculating the time for the motion for class certification is not excusable neglect. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007); *Advanced Estimating Sys., Inc.*, 130 F.3d at 998.

In addition, Plaintiff has not shown cause for extending the deadline until July 18, 2008, four months after the 90 day deadline expired. Rule 23 of the Federal Rules of Civil Procedure provides that the Court must determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). As other courts have noted, "[a] timely motion for class certification is premised on sound practical considerations," including preservation and protection of the putative class members' claims. *See Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006). Plaintiff's failure to timely pursue discovery and timely file (or move for an extension to file) the motion for class certification calls into question Plaintiff's ability to adequately protect the interests of the class. *See id.* at 696 (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977)).

The Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance. *See Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003).[2] Consistent with the foregoing, the Court finds that Plaintiff has failed to

---

[2] In remanding the case for consideration of the motion for class certification, the Eleventh Circuit noted: "We are aware of Local Rule 23.1(b) for the Northern District of Florida, which imposes on class action plaintiffs a duty to move for class certification within ninety days of filing their complaint. *Our opinion should not be read to limit the*

demonstrate excusable neglect or cause for the delayed filing of a motion for class certification.

Defendant's Motion to Strike is therefore granted and Plaintiff's motion for extension of time is denied. As there are no remaining grounds for this Court's exercise of original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims. 28 U.S.C. § 1367(c)(3); *Falcon v. Philips Elecs. N. Am. Corp.*, 489 F. Supp. 2d 367, 369 (S.D.N.Y. 2007).

Accordingly, it is **ORDERED AND ADJUDGED**:

1) Defendant's Motion to Strike Class Allegations (Dkt. 19) is **GRANTED**. Plaintiff's class allegations are **STRICKEN**.

2) Plaintiff's Motion to Extend Time to File Class Certification Motion or in the Alternative Motion to Remand to State Court (Dkt. 21) is **DENIED IN PART** as to the motion for extension of time and **GRANTED IN PART** as to the motion to remand.

3) The Clerk is directed to remand this case to the Thirteenth Judicial Circuit in and for Hillsborough County and to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 7th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

*district court's application of the local rules* or the court's ability to sanction plaintiffs for noncompliance with the rules." (emphasis added).